FILED

98 OCT 14 AM 9:05

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

OCT 14 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DANNY CHARLES JACKSON, ET AL.,  }
    Plaintiffs                  }
  vs.                             }   CIVIL ACTION NO.
                                 }   97-AR-2046-M
NORTHLAND INSURANCE COMPANY,    }
ET AL.,                          }
    Defendants                  }

## MEMORANDUM OPINION

The court has for consideration the motion by defendant, Advanta Mortgage Corp. USA, for summary judgment against plaintiffs who charge their lender, Advanta, with negligence and wanton misconduct for forcing insurance on plaintiffs to cover their mortgaged residence which had burned to the ground. The basic facts are undisputed. After realizing that the house had been destroyed, Advanta refunded the insurance premiums it had added to the regular mortgage payments. The record does not reflect that Advanta paid plaintiffs interest on the erroneously charged casualty coverage premiums. Because the Rule 56 movant has the burden, the simple absence of proof that Advanta paid interest on the erroneously charged premiums leaves the possibility of some slight monetary loss to plaintiffs having been proximately caused by Advanta's alleged negligent overcharge. This court is unwilling at this time to find that plaintiffs suffered no mental anguish as a proximate consequence of being negligently charged homeowner's

1

51

premiums after they no longer had a home. In Alabama mental anguish is a compensable element of damages for garden variety torts, although a reasonably competent mortgagor would not require psychiatric care for being overcharged a few hundred dollars unless the overcharge put him in bankruptcy or destroyed his credit rating, neither of which events occurred here.

There is no proof that Advanta had any way of profiting from the erroneously charged premiums, which it refunded promptly after discovering its error. If plaintiffs had offered any evidence that Advanta pocketed part of the premiums by prearrangement with the insurer instead of simply paying for and collecting for unneeded coverage, there might be some arguable motivation for and therefore proof of wanton misconduct. But on the evidence before the court, no reasonable jury could conclude, as is required by § 6-11-20, *Ala. Code*, from "clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Plaintiffs could never meet this heightened burden of proof on their evidence.

An order will be entered denying Advanta's motion for summary judgment with respect to plaintiffs' negligence count and granting it as to plaintiffs' wanton count.

DONE this 14th day of October, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2